NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST JARRETT, Attorney, | No. 24-5901 |
| Plaintiff - Appellant, | D.C. No.<br>2:24-cv-01608-PSG-MAR |
| v. | |
| ELWOOD LUI, individually and in his official capacity as Presiding Justice of the Court of Appeal of the State of California, Second Appellate District, Division P., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 6, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Ernest Jarrett appeals from the district court's order dismissing his suit under

42 U.S.C. § 1983 against Elwood Lui, Administrative Presiding Justice of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California Court of Appeal, Second Appellate District. After Justice Lui dismissed Jarrett's appeal of a state trial court decision, Jarrett brought this suit for an injunction to reinstate his right to appeal in state court. The district court dismissed under the *Rooker-Feldman* doctrine and because the suit was barred by judicial immunity and the Eleventh Amendment. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's dismissal de novo. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

Under the *Rooker-Feldman* doctrine, a federal district court lacks "subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Miroth v. County of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Jarrett complained of an injury caused by a state-court judgment and sought relief from that judgment in the form of an injunction reinstating his appeal. Because Jarrett filed "a forbidden de facto appeal" of a state-court judgment, the district court correctly determined it lacked subject-matter jurisdiction. *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Jarrett argues that the *Rooker-Feldman* doctrine does not apply because Justice Lui performed an administrative rather than a judicial function when he dismissed Jarrett's state-court appeal. Jarrett also points to the fact that Justice Lui's title includes the term "Administrative." But regardless of Justice Lui's exact title, he acted in his official capacity as a judge when he issued the order dismissing Jarrett's state-court appeal. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (listing factors for determining whether an act by a judge is a judicial act). More importantly, the relief that Jarrett seeks is an injunction setting aside the state court's judgment on the ground that the judgment was entered in violation of law. That brings this case squarely within the *Rooker-Feldman* doctrine. *See Miroth*, 136 F.4th at 1151.

Because the district court lacked subject-matter jurisdiction under *Rooker-Feldman*, we need not consider judicial immunity or the Eleventh Amendment.

**AFFIRMED.**